## ESTATE OF CAROLINE R. GREEN, DECEASED.

APPEAL BY H. C. GREEN ET AL. FROM THE ORPHANS' COURT OF MONTGOMERY COUNTY.

Argued February 2, 1891—Decided February 16, 1891.

In proceedings for an issue devisavit vel non, where the testimony for the petitioners, alleging testamentary incapacity and undue influence, disclosed no evidence whatever of undue influence, and, as to testamentary incapacity, consisted mainly of opinions of non-expert witnesses, unsupported by the facts upon which they were based, an issue was properly refused.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 413 January Term 1890, Sup. Ct.; court below, number
and term not given.

On October 7, 1889, Harrison C. Green and Elizabeth Worth-
ington presented their petition setting forth that they were
brother and sister of Caroline R. Green, deceased, late of Hat-
boro, who died on August 15, 1889, unmarried and without
issue, leaving to survive her no father and no mother, but a
sister and two brothers only, being the petitioners and Thomas
C. Green; that on August 22, 1889, a certain paper writing,
purporting to be the last will and testament of said Caroline
R. Green, had been admitted to probate by the register of wills,
and letters testamentary thereon granted to Mary S. Motters-
head, named therein as executrix; that the petitioners had
entered an appeal from the said decision of the register, and
that the necessary bond for costs was filed; * praying that an
issue be directed into the Court of Common Pleas, to de-
termine :

1. Whether or not, at the time of the execution of the said
paper writing, the said Caroline R. Green was of unsound
mind and memory, and incapable of making a will.

2. Whether or not the execution of said paper writing was
procured by the exercise of fraud, and undue and improper
influence, on the part of said Mary S. Mottershead.

On November 4, 1889, the court appointed an examiner who,
on February 10, 1890, filed a report of the testimony taken.†

After argument, the court, WEAND, J., on March 3, 1890,
filed an opinion and decree refusing an issue, at the costs of
the petitioners. Thereupon the petitioners took this appeal,
assigning the refusal of the issue prayed for, for error.

*Mr. George N. Corson*, for the appellants.

Counsel cited: Caldwell v. Anderson, 104 Pa. 199; Boyd v.
Boyd, 66 Pa. 283; Cuthbertson's Est., 97 Pa. 163; Sharpless's
Est., 131 Pa. 261; Knauss's App., 114 Pa. 10; Herster v.
Herster, 116 Pa. 612.

---

* See act of June 6, 1887, P. L. 359.

† The testimony was submitted to the Supreme Court, by permission,
in typewriter copies, none of which was furnished to the Reporter.

Opinion of the Court.

*Mr. N. H. Larzelere* (with him *Mr. M. M. Gilson*), for the appellee.

Other than cases cited by appellants, counsel cited: Wilson v. Mitchell, 101 Pa. 503; Harrison's App., 100 Pa. 458; Graham's App., 61 Pa. 43; Cozzens' Will, 61 Pa. 196; De Haven's App., 75 Pa. 337; Schwilke's App., 100 Pa. 630.

PER CURIAM:

This was an appeal from the refusal of the court below to award an issue devisavit vel non in the estate of Caroline R. Green, deceased. The allegations of contestants were (*a*) that the testatrix was of unsound mind and memory, and therefore incapable of making a will; and (*b*) undue influence. Of the latter there was not even a scintilla of evidence. It is true, she left her estate to a stranger to her blood, a neighbor and friend who had been kind to her. There was not a word, however, to show that she had been unduly influenced, or influenced at all, to make this disposition of her estate. Those of her own blood appear not to have taken any interest in her since her father's death, and not to have visited her. Nor does the evidence show that she felt any interest in them. She had a right to do what she pleased with her property.

Nor was there sufficient evidence to submit to a jury upon the want of testamentary capacity. A vast volume of testimony was taken on the part of the contestants, a very small portion only of which would have been admissible upon the trial of an issue devisavit vel non. It consisted principally of the testimony of non-expert witnesses, many of whom visited or saw her infrequently; and, while many of them are quite emphatic in their opinion that the testatrix was not fit to make a will, their own testimony showed that they were unfit to express an opinion upon that subject. They either gave no facts upon which to base it, or the facts were too weak and inconclusive to warrant it.

The testimony most relied upon by the contestants was that of Mr. Melcher, a member of the bar, who was examined at great length. He says she was insane, and unfit to make a will; yet, it appears from his own statement that during the time of which he speaks he was acting as her counsel; that, as executrix, she settled her father's estate, sold real estate, and

Statement of Facts.

performed other important business matters. Among these transactions was the leasing of a house to the witness referred to. The testimony of this witness is of very little weight,— not sufficient to go to a jury, or to justify a verdict against the will. On the other hand, the evidence on behalf of the proponents was clear and satisfactory. The most that can be said is that the testatrix was peculiar; had fits of despondency, produced, in whole or in part, by domestic afflictions. We have gone through the testimony with care, but a discussion of it is unnecessary. We think the issue was properly refused.

Decree affirmed, and the appeal dismissed at the costs of the appellants.